UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,
a foreign corporation,

Defendant.
_______________________________________/

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND, is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, WEST ASSET MANAGEMENT, INC., (hereinafter, “Defendant”) is believed to be a foreign corporation, engaged in the practice of debt collection, with its principal place of business at 2221 New Market Parkway, Suite 118, Marietta (Cobb County), Georgia 30067.

5. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. They are a “debt collector” as that term is defined in the FDCPA.

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff’s alleged debt.

8. With respect to the “Congressional findings and declaration of purpose” portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an alleged debt of approximately $9,000.00 dollars from Plaintiff arising from his use of a Barclay's Bank credit card used for Plaintiff to acquire various consumer goods, such as gas, groceries, and clothing.

10. On or about September 12, 2010, Defendant sent Plaintiff a written request for payment of an alleged debt.

11. A true copy of the written request for payment is attached hereto Exhibit "A".

12. On or about September 20, 2010, Plaintiff notified Defendant in writing, via certified U.S. mail, to cease and desist any and all telephonic communications with him.

13. A true copy of the September 20, 2010 cease and desist letter is attached hereto as Exhibit "B".

14. In spite of having received notice of same on or about September 23, 2010, Defendant continued to communicate with Defendant via telephone, including but not limited to calling Plaintiff on February 23, 2011 and April 21, 2011.

15. Federal law requires that if consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c); *see also*, *Ramirez v. Apex Financial Management, LLC*, 567 F.Supp.2d 1035 (N.D. Ill. 2008).

**COUNT I**
**FAILURE TO CEASE COMMUNICATIONS**
**IN VIOLATION OF THE FDCPA**

16. Plaintiff incorporates Paragraphs 1 through 15.

17. After receiving Plaintiff's written request to cease and desist telephonic communications, Defendant failed to abide by Plaintiff's request in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**DAMAGES, DECLARATORY RELIEF. AND PERMANENT INJUNCTION**
**PURSUANT TO THE FCCPA**

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Pursuant to Florida law and 28 U.S.C §§ 2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

20. Plaintiff seeks a permanent injunction prohibiting Defendants from collecting the alleged debt from Plaintiff.

21. The FCCPA provides for equitable relief, including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F.Supp.2d 1336, 1345, (S.D. Fla. 2008).

22. Plaintiff seeks statutory damages under Florida law as well as injunctive relief and equitable relief in accordance with his rights under both state and federal law.

23. By failing to follow Plaintiff's request to "cease and desist" telephonic communications, Defendant has willfully engaged in conduct which can reasonably be expected to harass the Plaintiff in violation of Fla. Stat. § 559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. declaring that Defendant has violated Florida Statutes § 559.72;

b. permanently enjoining Defendant and any other parties from communicating with Plaintiff regarding the alleged debt;

c. $1000.00 dollars statutory damages;

d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 6th day of June, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666
scott@scottdowens.com

By:/s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651